# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER BRAY, | Case No.  1:14-cv-01969-AWI-SAB-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION RECOMMENDING GRANTING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| DEBORAH JOHNSON, | (ECF No.15) |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation and confined at Central California Women's Facility on a sentence of life without parole for murder and conspiracy to commit murder. (ECF No. 1 at 1).[1] Petitioner challenges a rules violation report for possession of contraband, a cellular phone, for an incident on December 31, 2012. (ECF No. 1 at 4-5; ECF No. 15-1 at 70).[2] Petitioner argues that information obtained during an investigation that led to the search of her cell was never disclosed to Petitioner. (ECF No. 1 at 4-5).

Petitioner also challenges the Unit Classification Committee's actions on January 3,

---

[1] Page numbers refer to the ECF page numbers.
[2] It is unclear whether Petitioner lost good time credits as a result of this rules violation report. It appears that Petitioner may be contending that she lost good time credits as a result of the rules violation report.

2013, to remove her from her job due to a CDC Form 128-B, General Chrono authored by an Investigative Services Unit Staff. (ECF No. 1 at 5-13). Petitioner argues that the information that she was sending text messages to other inmates that the Investigative Services Unit was concentrating on a certain area to be searched was false. (ECF No. 15-1 at 23).

# I.

# DISCUSSION

### A. Preliminary Review

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194, n. 12.

In this case, Respondent's motion to dismiss is based on lack of jurisdiction. Respondent argues that Petitioner's challenges to the rules violation report and the prison classification which resulted in her removal from a prison job do not affect the fact or duration of Petitioner's custody.

### B. Habeas Corpus Jurisdiction

In general, the Supreme Court has explained that federal habeas jurisdiction lies for claims that go to "the validity of the fact or length of [prison] confinement." See Preiser v. Rodriguez, 411 U.S. 475, 490, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). In Preiser, the Supreme Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release

1 or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."
2 Preiser, 411 U.S. at 500.  In Wolff v. McDonnell, 418 U.S. 539, 554, 41 L. Ed. 2d 935, 94 S. Ct.
3 2963 (1974), the Supreme Court held that the prisoners could not use § 1983 to obtain restoration
4 of credits because Preiser had held that "an injunction restoring good time improperly taken is
5 foreclosed."

6      The Ninth Circuit has also wrestled with issues arising out of the interplay between
7 habeas corpus and § 1983 jurisdiction. Ninth Circuit jurisprudence is expressed in three opinions:
8 Bostic v. Carlson, 884 F.2d 1267 (9th Cir. 1989), Ramirez v. Galaza, 334 F.3d 850 (9th Cir.
9 2003), and Docken v. Chase, 393 F.3d 1024 (9th Cir. 2004).

10      In Bostic, the Court of Appeals reviewed district court dismissals of a series of habeas
11 petitions filed by a petitioner who in each was challenging disciplinary actions taken against him.
12 884 F.2d at 1269.  Prison officials had assessed a forfeiture of good-time credits for some of the
13 infractions, but the remainder did not carry a loss of time credits - only a term of segregated
14 housing.  Id.  In each of the petitions, the petitioner sought expungement of the infractions from
15 his disciplinary record.  Id.  The Ninth Circuit "assume[d]" that habeas jurisdictions existed over
16 all the petitions, even those challenging discipline with no attendant credit loss, stating:

> Habeas corpus jurisdiction is available under 28 U.S.C. § 2241 for a prisoner's claim that he has been denied good time credits without due process of law. [citations] Habeas corpus jurisdiction is also available for a prisoner's claims that he has been subjected to greater restriction of his liberty, such as disciplinary segregation, without due process of law. [citations] Habeas corpus jurisdiction also exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole. [McCollum v. Miller, 695 F.2d 1044, 1047 (7th Cir. 1982)].

Id. at 1269 (emphasis added).  The Ninth Circuit did not elaborate on when expungement would be "likely to accelerate" parole eligibility, or otherwise differentiate between parole eligibility and parole suitability.

     In Ramirez, a prisoner brought a civil rights action under § 1983 to challenge procedures used in imposing disciplinary sanctions of ten days of disciplinary detention, 60 days loss of privileges and a referral to administrative segregation.  334 F.3d at 852-53.  He was not subject

1  to a loss of good time credits. Id. He sought expungement of the disciplinary record from his
2  file and an injunction prohibiting the state from considering it "when they fix plaintiff's terms
3  and decide whether plaintiff should be released on parole." Id. at 859 n. 6. The Ninth Circuit
4  held that the favorable termination rule does not apply to prison disciplinary sanctions that do not
5  necessarily affect the fact or length of a prisoner's confinement. Id. at 854-58. The State had
6  failed to show that expungement of the disciplinary finding would necessarily accelerate
7  plaintiff's release because the parole board could still deny parole on the basis of other factors.
8  Id. at 859. ("As Ramirez's suit does not threaten to advance his parole date, his challenge to his
9  disciplinary hearing is properly brought under § 1983.").

10    In Docken, the petitioner brought a habeas corpus action to challenge the timing of his
11 parole-eligibility reviews. 393 F.3d at 1025-26. The Ninth Circuit held that petitioners could
12 bring habeas petitions so long as success on the claims "could potentially affect the duration of
13 their confinement." The Court also held that "likely" to affect the duration of confinement under
14 Bostic were those "with a sufficient nexus to the length of imprisonment so as to implicate, but
15 not fall squarely within, the 'core' challenges identified by the Preiser Court." Docken, 393 F.3d
16 at 1030.

17    The Supreme Court discussed the distinction between habeas corpus and § 1983 in
18 Skinner v. Switzer, 131 S. Ct. 1289 (2011). The Supreme Court explained:

> When may a state prisoner, complaining of unconstitutional state action, pursue a civil rights claim under § 1983, and when is habeas corpus the prisoner's sole remedy? This Court has several times considered that question. Pathmarking here is Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). ... When "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," the Court held, § 1983 is not an available remedy. Ibid. "But if . . . the plaintiff's action, even if successful, will not demonstrate the invalidity of [his conviction or sentence], the [ § 1983] action should be allowed to proceed . . . ." Ibid.

25 Skinner, 131 S. Ct. at 1298. Therefore, the Supreme Court's language suggests that the writ of
26 habeas corpus is available for only claims that will "necessarily spell speedier release." Skinner,
27 131 S. Ct. at 1299 n.13.

28    In the instant case, it is unclear whether Petitioner lost good time credits as a result of her

rules violation report. Even if Petitioner did lose good time credits, habeas jurisdiction is lacking for her claims. Petitioner will not be considered for parole in the future because she was sentenced to life without parole. As Petitioner will not be eligible for parole, the mere restoration of good time credits is not enough to result in immediate or speedier release from prison. Therefore, expungement of the challenged disciplinary conviction and restoration of any lost good time credits would not necessarily accelerate the future date of Petitioner's release from custody, as she will not be released with a life without parole sentence. Thus, this claim is not cognizable under the federal habeas statute.

Petitioner's challenge to her prison classification decision that resulted in her removal from her prison job is a challenge to the conditions of confinement. As stated above, Petitioner is serving a term of life without parole, so any loss of good time credits or inability to earn good time credits does not have an impact on Petitioner's duration of confinement. Petitioner has not been subjected to greater restrictions of her liberty, such as disciplinary segregation. See Bostic, 884 F.2d at 1269. Thus, both of Petitioner's claims will not affect the fact or duration of her confinement.

Petitioner argues that there is a good chance that the state courts will change her sentence to one with parole eligibility, so that the restoration of the good time credits will matter for a future release date. (ECF No. 17 at 2-3). Although Petitioner claims that her sentence may change as a result of her pending post-conviction review in the state courts, at this time, any potential change in her sentence is speculative. Petitioner's sentence is life without parole. Thus, habeas jurisdiction is lacking and the petition must be dismissed.

## III.

## RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Respondent's motion to dismiss be GRANTED and Petitioner's petition for writ of habeas corpus be DIMISSED for lack of jurisdiction.

This Findings and Recommendation is submitted to the assigned United States District

1  Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local
2  Rules of Practice for the United States District Court, Eastern District of California.  Within
3  thirty (30) days after service of the Findings and Recommendation, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections
6  shall be served and filed within fourteen (14) days after service of the objections.  The assigned
7  District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
8  636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may
9  result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014)
10 (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 8, 2015**

UNITED STATES MAGISTRATE JUDGE